IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02135-MSK-KLM

EARL CROWNHART,

    Plaintiff,

v.

J. CROUNK,
SGT. ECHOLAND,
G. HERNANDEZ, and
T. FLURARTY,

    Defendants.
_____

**ORDER DENYING MOTION NOS. 80, 81, AND 85-87**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion to Amend in Habeas Corpus Action by Request Pursuant to Civ R 4(d) § [sic] 28 U.S.C. 1915 § 2254 [Docket No. 80; Filed May 13, 2008]; Plaintiff's Motion to Amend Summary of Judgement [sic] to Be Withdrawn Pursuant to Civ. P. R. 56.1 [Docket No. 81; Filed May 13, 2008]; Plaintiff's Motion to Amend Forth [sic] Amended Complaint Pursuant 2241 [sic] to Attack to State Excercution [sic] to Stay 28 U.S.C. 1915 Habeas Corpus Action [Docket No. 85; Filed May 16, 2008]; Plaintiff's Motion to File a Proposed Fourth Amended Complaint Pursuant to 28 U.S.C. 1983 [Docket No. 86; Filed May 16, 2008]; and Plaintiff's Motion to File Leave to Join Additional Parties [Docket No. 87; Filed May 16, 2008] (collectively, the "Motions"). At a hearing dated May 7, 2008, Plaintiff was instructed that to the extent he wished to amend his complaint to add claims or parties, he must do so by June 9, 2008, and he must carefully explain the relief requested and offer the correct legal support for such relief

pursuant to D.C. Colo. L. Civ. R. 7.1(C) [Docket No. 79]. Plaintiff filed five Motions that appear to seek to add unspecified habeas claims and a party, however, the Motions are unintelligible, do not explain the claims Plaintiff seeks to add, do not appear to relate to other documents filed by Plaintiff, and do not comply with Local Rule 7.1(C).

IT IS HEREBY **ORDERED** that the Motions are **DENIED**. Although the Court gives Plaintiff the benefit of liberal pleading interpretation given his *pro se* status, the Court cannot act as Plaintiff's advocate or provide relief where Plaintiff has neither clearly stated the relief he seeks nor the legal authority for such relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("The broad reading of the plaintiff's [pleading] does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."); *Abdelsamed v. United States*, No. Civ. A. 01-N-1774(CBS), 2002 WL 31409521, at *10 (D. Colo. Sept. 17, 2002) (unpublished decision) ("While mindful of the liberal treatment accorded *pro se* pleading, it is not the responsibility of the court or defendants to decipher prolix allegations in order to divine [plaintiff's] claims.").

Dated:   May 19, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix